# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY W. HILTZMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-304-M |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Jerry Hiltzman (Plaintiff) brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record (Tr.) and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

## Administrative Proceedings

Plaintiff initiated these proceedings by filing applications for disability insurance benefits and supplemental security income payments, alleging that he became disabled on January 1, 2009. Tr. 15, 146-54. An Administrative Law Judge (ALJ) conducted a hearing and determined that Plaintiff retained the capacity to perform work available in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act.

Tr. 21. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1-6], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Reversal is necessary if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that he has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then,

if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

While Plaintiff presents several claims of error on judicial review, remand is recommended because the ALJ did not properly explain his failure to include any manipulative limitations related to Plaintiff's decreased range of motion in his shoulders in the residual functional capacity (RFC) assessment.[1]  Accordingly, the remaining claims have not been specifically addressed.  *See Watkins v. Barnhart,* 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

**Analysis**

The ALJ determined that Plaintiff was severely impaired by degenerative disc disease but nevertheless had the RFC to perform "light"[2] work with no postural or manipulative limitations. Tr. 17-18. In formulating Plaintiff's RFC, the ALJ stated that: "Great weight is given Dr. Williams'[s] consultative evaluation, which indicated both the level of the

---

[1] The RFC "is the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[2] The ALJ found Plaintiff capable of lifting and/or carrying 20 pounds occasionally or 10 pounds frequently, standing and/or walking for about 6 hours in an 8-hour workday, and sitting for about 6 hours in an 8-hour workday. Tr. 18. This is the definition of "light" work. 20 C.F.R. §§ 404.1567(b), 416.967(b).

claimant's limitations and his remaining capabilities." Tr. 20.

The error arises because Dr. Williams found that Plaintiff had "mild to moderately severe restricted motions in the shoulders," with tenderness and decreased range of motion in supination, elevation and internal and external rotation in both the left and right shoulders. Tr. 365, 368. The ALJ implicitly rejected - without explanation - those findings,[3] despite his proclamation that the opinion was entitled to "great weight" precisely because it detailed Plaintiff's limitations.

As Plaintiff argues, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Having found that Dr. Williams's opinion should be given great weight, the ALJ in this case, as in *Haga*, should have explained why he failed to address that part of the doctor's opinion finding that Plaintiff suffered "restricted motions in the shoulders." *Id.* (remanding case because "it is simply unexplained why the ALJ adopted some of [the doctor's] restrictions but not others[]").

---

[3]The ALJ did note that an MRI on Plaintiff's left shoulder revealed no "significant AC arthopathy." Tr. 19. But that MRI was taken in December 2007, approximately one year *before* Plaintiff allegedly became disabled. Tr. 436. Further, the test was performed only on Plaintiff's left shoulder [Tr. 436], and Dr. Williams found tenderness and a decreased range of motion in both shoulders. Tr. 365, 368. The ALJ also stated that he thought the RFC was "supported by" the DDS physical RFC assessment. Tr. 20. But the RFC assessment form included only a minor reference to 1 out of the 5 decreased range of motion findings. Tr. 388. More importantly, it is unclear whether the ALJ was attempting to use the DDS physician's opinion to discount Dr. Williams' findings. If he was, his lack of explanation is error. *See Andersen v. Astrue*, 319 Fed. Appx. 712, 724-25 (10th Cir. 2009) (holding that ALJ erred in stating that he "concurs with the DDS physician's opinion" because the statement did not make clear what weight the ALJ gave the agency physician's opinion; further, the agency physician's assessment was "not enough to demonstrate that the ALJ properly discounted [the treating physician's] opinion[]").

The ALJ may have had legitimate reasons for rejecting manipulative limitations in Plaintiff's RFC, but his failure to provide this court with an explanation makes it impossible to determine whether appropriate legal principles were followed. Accordingly, the undersigned recommends reversal and remand for further proceedings.[4]

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by February 25, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[4]Plaintiff argues that the error is particularly harmful because all of the jobs the ALJ said Plaintiff could perform require reaching. Plaintiff's Brief, p. 4 [Doc. No. 13]. Those jobs, as listed by the ALJ include: "packager/filling machine operator," "production inspector," "assembly worker (sedentary)," and "grinding machine operator." Tr. 21. As Plaintiff notes, however, neither the vocational expert nor the ALJ provided any job numbers. Tr. 21, 49-50. Although Plaintiff cites job numbers that he believes are relevant, the Dictionary of Occupational Titles reflects no jobs for "packager/filling machine operator" at the "light" level, eight jobs for "packager" at the "light" level, three jobs for "filling machine operator" at the "light" level, no jobs for "production inspector" at the "light" level, no jobs for "assembly worker" at the "sedentary" level, and two jobs for "grinding machine operator" at the "light" level. Without any evidence as to what actual jobs the ALJ relied upon, it is impossible to know whether such jobs require reaching or other manipulative practices.

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 5th day of February, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE